IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET K. C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-111-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Janet K. C. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.    General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an

"acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History and the ALJ's Decision

On November 5, 2019, Plaintiff, then a 46-year-old female, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits. R. 12, 344. Plaintiff alleges that she has been unable to work since an amended onset date of June 16, 2018, due to anxiety, cervical disc pain, chronic obstructive pulmonary disorder, back problems, arthritis, posttraumatic stress disorder, panic attacks, depression, asthma, and bipolar disorder. R. 68, 91, 103. Plaintiff's claims for benefits were denied initially and on reconsideration. R. 90-149. The ALJ conducted an administrative hearing and a supplemental hearing, and issued a decision on July 14, 2021, denying benefits and finding Plaintiff not disabled. R. 12-29, 34-89. The Appeals Council denied review on January 5, 2022 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this appeal on March 9, 2022. ECF No. 2.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of June 16, 2018. R. 15. At step two, the ALJ found that Plaintiff's PTSD, major depressive disorder, and bipolar disorder were severe impairments, but that her peripheral neuropathy, COPD, lumbar and cervical spine disorders, and borderline intellectual functioning were non-severe. R. 15-18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 18-20.

After considering Plaintiff's subjective allegations, the medical source opinion evidence, and some of the objective medical evidence in the record, the ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> understand, remember, and carry out simple one to three step repetitive tasks. Public interaction should not be a part of the job duties. The claimant could tolerate occasional contact with coworkers, but contact with coworkers should not involve tandem tasks or teamwork. Job tasks should not include an assembly line or forced pace tasks. The clamant should avoid work environments that require frequent changes in tasks or instructions (defined as coming into the same environment doing the same thing over and over again).

R. 20.

At step four, the ALJ concluded that Plaintiff could not return to her past relevant work. R. 27. Based on the testimony of a vocational expert ("VE"), however, the ALJ concluded at step five that Plaintiff could perform other occupations existing in significant numbers in the national economy, including optical goods assembler, table worker, and medical product assembler. R. 27-28. The ALJ determined the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). R. 28. Accordingly, the ALJ concluded Plaintiff was not disabled. R. 28-29.

**III.     Issues**

Plaintiff raises two points of error in her challenge to the Commissioner's denial of benefits: (1) the ALJ failed to consider all of Plaintiff's impairments at step two of the sequential analysis; and (2) the ALJ failed to consider and account for all her impairments and limitations in the RFC assessment. ECF No. 14. The Court finds any error the ALJ may have made at step two is harmless but agrees the ALJ failed to properly account for Plaintiff's non-severe impairments in the RFC assessment.

**IV.    Analysis**

### A.  Any Failure to Consider the Severity of all of Plaintiff's Impairments was Harmless Error at Step Two

Plaintiff contends the ALJ failed to consider her diagnosed anxiety disorder, headaches, chronic pain, chronic back pain, and somatic dysfunction of the head, cervical spine, thoracic spine, lumbar spine, and sacrum at step two of the sequential evaluation. ECF No. 11 at 2-5.

The ALJ considers the "medical severity" of a claimant's impairments at step two of the sequential evaluation. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A claimant who does not have a severe medically determinable impairment, or a combination of impairments that is severe, is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Plaintiff's burden at step two is a *de minimis* showing of impairment, but the Plaintiff must demonstrate "more than the mere presence of a condition or ailment." *Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir. 1997).

In his written decision at step two, the ALJ identified several non-severe impairments including peripheral neuropathy, COPD, borderline intellectual functioning, and Plaintiff's various spine-related disorders. R. 15-18. Although the ALJ did not mention or make any findings regarding the severity of Plaintiff's anxiety disorder, headaches, or somatic dysfunction at step

5

two, Plaintiff has not demonstrated a reversible error at this step. Since the ALJ found Plaintiff had at least one severe impairment and proceeded to the subsequent steps of his analysis, any failure in identifying additional medically determinable impairments at step two does not constitute reversible error. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

      B.      **ALJ Failed to Account for Plaintiff's Non-severe Impairments in Assessing the RFC**

The rationale for applying harmless error at step two is that the ALJ is required to consider the functional impact of all a claimant's medically determinable impairments, including non-severe impairments, when assessing the RFC later in the sequential analysis. In other words, if the RFC subsequently accounts for the functional limitations resulting from the previously omitted impairment, then the step two omission would not affect the outcome of the ALJ's decision because the RFC would not change. *See Grotendorst v. Astrue,* 370 F. App'x 879, 883 (10th Cir. 2010) (explaining that a step two error is "usually harmless" if the ALJ "finds another impairment is severe and proceeds to the remaining steps of the evaluation . . . because *all* medically determinable impairments, severe or not, must be taken into account at those later steps"). Therefore, Plaintiff further contends the ALJ's failure to consider her anxiety disorder, headaches, chronic pain, chronic back pain, and somatic dysfunction at step two impaired his analysis at subsequent steps of the sequential evaluation. Specifically, Plaintiff argues the ALJ failed to consider all her impairments in combination when assessing the RFC and failed to present a hypothetical question to the VE that included all her limitations.

A claimant's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite her impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*." *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are not 'severe' . . . when we assess [a claimant's] residual functional capacity."). Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's work-related limitations. SSR 96-8p at *7. The ALJ must explain the basis for the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*.

Apart from finding the severity of Plaintiff's subjectively reported back pain not supported by the imaging of record, the ALJ did not mention or consider the effects of any of Plaintiff's non-severe physical impairments in his RFC analysis. R. 21. Rather, the ALJ's RFC discussion focused exclusively on the impact of Plaintiff's severe mental impairments on her ability to work. Thus, the Court agrees the ALJ inadequately considered Plaintiff's non-severe impairments in the RFC assessment. A clear and specific analysis of what, if any, impact Plaintiff's non-severe physical impairments had on the RFC was particularly important in this case, because there is no physical consultative examination in the record and the medical expert testified that some exertional limitations were "likely" present. R. 43.

Moreover, the omission of a discussion regarding Plaintiff's non-severe impairments demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p. For instance, the ALJ did not

explain what, if any, work-related limitations resulted from Plaintiff's non-severe borderline intellectual functioning. Additionally, the ALJ omitted exertional, postural, manipulative, and environmental limitations from the RFC determination without explaining why Plaintiff's non-severe peripheral neuropathy, COPD, and spine disorders did not impose any limitations. Absent a discussion of how Plaintiff's non-severe impairments were accounted for in the RFC assessment, or an explanation why such impairments did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

Nonetheless, the ALJ's failure to consider a claimant's non-severe impairments when assessing the RFC does not necessarily warrant remand if "the evidence in [the] case does not support assessing any functional limitations from [the disregarded] impairments." *Alvey v. Colvin,* 536 F. App'x 792, 794 (10th Cir. 2013); *see also Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that a finding of harmless error is appropriate where the court can "confidently say that no reasonable fact finder, following the correct analysis, could have resolved the factual matter in any other way"). In *Alvey*, there was no evidence the claimant had been treated by a mental health practitioner and no substantial evidence supporting any functional limitations. *Alvey,* 536 F. App'x at 794-95. Noting the court could "employ a harmless-error analysis sua sponte on appeal when . . . the record is not overly long or complex, harmlessness is not fairly debatable, and reversal would result in futile and costly proceedings[,]" the Tenth Circuit found the ALJ's failure to analyze the impact of the claimant's non-severe mental impairments on the RFC was harmless error. *Id.* Unlike *Alvey,* there is evidence of treatment for Plaintiff's non-severe physical impairments in this case, including medication management and manipulative therapy, as well as abnormal imaging and findings on physical examination. *See, e.g.,* R. 426-28, 433-35, 441-43, 455-57, 463-64. Plaintiff was consistently treated for back pain, neck pain, and COPD throughout the relevant period, the record does not contain evidence of a physical

8

consultative examination, and the medical expert testified that some exertional limitations were "likely" present.  Under these circumstances, the Court cannot consider the ALJ's failure to evaluate the impact of Plaintiff's non-severe impairments on the RFC harmless error.  "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim."  SSR 96-8p at *5.

In sum, the ALJ erred by relying on his non-severity finding at step two "as a substitute for a proper RFC analysis."  *Wells*, 727 F.3d at 1065.  Accordingly, the matter will be remanded for further proceedings consistent with this Order.  *See id.* at 1071 (remanding for further proceedings "concerning the effect of [claimant's] medically determinable mental impairments on her RFC, and for further analysis at steps four and five, including any further hearing the ALJ deems necessary").

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 22nd day of May, 2023.

*/s/ Jodi F. Jayne*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**